# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA,
# TALLAHASSEE DIVISION

**JAMES AREN DUCKETT**
      Plaintiffs,

v.

**RICHARD COMERFORD,**
Commissioner, Florida Department of
Corrections

**RANDALL POLK**, Warden,
Florida State Prison
        Defendants.
_____/

CIVIL ACTION NO. _____

<span style="color:red">**EMERGENCY INJUNCTIVE RELIEF SOUGHT; EXECUTIONS SCHEDULED FOR JULY 28, 2026, AT 12:00 P.M..**</span>

## <u>EMERGENCY MOTION FOR STATE OF EXECUTION</u>

**COMES NOW THE PLAINTIFF, JAMES AREN DUCKETT,** by and through his undersigned counsel, and herein moves the Court to enter a stay of his execution by the State of Florida, currently scheduled to take place on July 28, 2026, at 12:00 p.m., at Florida State Prison. In support thereof, Mr. Duckett states as follows:

### I.    Introduction

Plaintiff James Aren Duckett, a death-sentenced Florida prisoner with an execution scheduled for July 28, 2026, at 12:00 p.m., filed a 42 U.S.C. § 1983 complaint and accompanying memorandum in this Court, seeking emergency

declaratory and injunctive relief preventing his execution from proceeding. In this Motion, Mr. Duckett seeks a stay of execution so that this Court may consider the arguments in his complaint and memorandum without the exigencies of an active death warrant.

## II.    Mr. Duckett's Action Satisfies the Requirements for a Stay

A stay of execution of a death sentence is a form of injunctive relief. *See Siegel v. LePor*e, 234 F.3d 1163, 1176 (11th Cir. 2000). Under Eleventh Circuit precedent, a stay is thus warranted when four factors are satisfied: "(1) [the applicant] has a substantial likelihood of success on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the stay would not substantially harm the other litigant, and (4) if issued, the injunction would not be adverse to the public interest." *Mann v. Palmer*, 713 F.3d 1306, 1310 (11th Cir. 2013) (quoting *Valle v. Singer*, 655 F.3d 1223, 1225 (11th Cir. 2011)).

Mr. Duckett has alleged in his § 1983 complaint that his federal constitutional right to freedom from cruel and unusual punishment pursuant to the Eighth Amendment will be violated if his execution proceeds with lethal injection as the method of execution. Mr. Duckett has proffered facts that satisfy each of the elements required for a stay. As such, Mr. Duckett should be granted a stay pending this Court's resolution of this action in the ordinary course, without the imminent threat of execution.

**A.      The Cause of Action Has a Substantial Likelihood of Success**

If the requested injunction is not issued, Mr. Duckett will be executed by lethal injection in a torturous manner in violation of his Eighth Amendment right to be free from cruel and unusual punishment. The likelihood that Mr. Duckett will prevail on the merits of his claim is demonstrated through his pleading that the method of execution, lethal injection, is likely to fail and cause him to suffer constitutionally prohibited levels of pain due to the health issues that have compromised his veins. The Eighth Amendment prohibits the risk of punishments that "involve the unnecessary and wanton infliction of pain," or "torture or a lingering death," *Gregg v. Georgia*, 428 U.S. 153, 173 (1976); *Louisiana ex. rel. Francis v. Resweber*, 329 U.S. 459 (1947).

In *Baze v. Rees*, 553 U.S. 35, 50 (2008) and *Glossip v. Gross*, 576 U.S. 863 (2015), the Supreme court confirmed that the Eighth Amendment protects inmates from method of execution that pose "a substantial risk of serious harm." A state's planned method of execution can violate the Eighth Amendment's prohibition on cruel and unusual punishment either on its face or as applied. In *Glossip*, the Supreme Court provided that to succeed on the claim, the inmate has to establish that the particular method of execution poses a risk of substantial harm and he must identify an alternative method of execution that is feasible and readily implemented, and that significantly reduces the risk of harm involved. *Glossip*, 478 U.S. at 877.

Mr. Duckett has met this burden. Due to Mr. Duckett's severely compromised veins, multiple failed venous access attempts are foreseeable. Such attempts may require repeated needle insertion, ultrasound-guided procedures, venous cutdowns, or central-line placement under circumstances that significantly increase the risk of prolonged pain, hemorrhage, infiltration of execution drugs into surrounding tissue, and a delayed or failed execution. Mr. Duckett has also provided a feasible alternative to his execution in the method of the firing squad.

Because Mr. Duckett's medical condition makes successful venous access highly uncertain and he has provided an alternative method of execution that meets the *Glossip* requirements, there is a substantial likelihood that he will succeed in this action.

### B. Mr. Duckett Will Suffer Irreparable Injury – Death – If No Injunction is Issued

If this Court does not issue a stay, Mr. Duckett's execution will go forward as planned and he will be executed with a method of execution that will result in unnecessary pain and suffering contrary to the Eighth Amendment to the United States Constitution. The Eleventh Circuit has held that the threat of an imminent execution is a presumptive injury. *See, e.g., In re Holladay*, 331 F.3d 1169, 1177 (11th Cir. 2003) ("We consider the irreparability of the injury that petitioner will suffer in the absence of a stay to be self-evident."); *Ferguson v. Warden, Fla. State Prison*, 493 F. Appx 22, 26 (11th Cir. 2012) (Wilson, J., concurring) ("As a general

rule, in the circumstance of an imminent execution, this court presumes the existence of irreparable injury."). If the execution is not stopped, Mr. Duckett will suffer irreparable injury.

**C.    A Stay Would Not Harm Defendants**

Mr. Duckett has been on Florida's death row since 1988, during which he has had a near perfect disciplinary record. He has been eligible for an execution warrant since his clemency proceedings initiated in 2014. There is no reason to deny a stay and deny Mr. Duckett the review he is entitled.

Defendants would not suffer financial or any other harm from a stay to allow the Court to evaluate the violation of Mr. Duckett's federal constitutional rights. Where an individual's claim underlying his desire for a stay of execution could mean further proceedings, that weighs heavily against a State's interest in the person's imminent execution. *See, e.g.*, *In re Holladay,* 331 F.3d 1169, 1177 (11th Cir. 2003) ("Moreover, contrary to the State's contention that its interest in executing Holladay outweighs his interest in further proceedings, we perceive no substantial harm that will flow to the State of Alabama or its citizens from postponing petitioner's execution to determine whether that execution would violate the Eighth Amendment.").

**D.    A Stay Would Not Be Adverse to the Public Interest**

The public has an interest in the prevention of constitutional violations,

particularly those carried out in the name of the People. *See Woodson v. North Carolina*, 428 U.S. 280, 303-04 (1976) ("[D]eath is a punishment different from all other sanctions in kind rather than degree."). In the context of the death penalty, where the punishment is "the most irremediable and unfathomable of penalties," *Ford v. Wainwright*, 477 U.S. 399, 411 (1986), the public interest is best served by ensuring that no man is subjected to unconstitutionally cruel and unusual punishment when the movant has met the pleading requirements. The public, as well as the judiciary, have a heightened interest in ensuring that Mr. Duckett's constitutional claims are adequately addressed, avoiding the risk of yet another botched lethal injection execution.

### III.    Conclusion

For the reasons set forth above, and in his complaint, Mr. Duckett requests that the Court enter a stay of his scheduled July 28, 2026, execution so that his § 1983 action can be considered without the imminent threat of Mr. Duckett s death.

This the 23rd day of July 2026.

Respectfully submitted,

/s/ Mary E. Wells
MARY E. WELLS
Fla. Bar. No. 0866067
Law Office of M.E. Wells LLC
623 Grant Street SE
Atlanta, GA 30312
*mewells27@comcast.net*
Tel. (404) 408-2180

/s/ Brittney N. Lacy
BRITTNEY N. LACY
Assistant CCRC-South
Fla. Bar. No. 116001
*lacyb@ccsr.state.fl.us*

/s/ Courtney M. Hammer
COURTNEY M. HAMMER
Assistant CCRC-South
Fla. Bar. No. 1011328
*hammerc@ccsr.state.fl.us*
*ccrcpleadings@ccsr.state.fl.us*

Capital Collateral Regional
Counsel - South
110 SE 6th Street, Suite 701
Fort Lauderdale, Florida 33301
Tel. (954) 713-1284

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by electronic service using the State of Florida E-Filing Portal, to the following this 23rd day of July, 2026.

/s/ Brittney N. Lacy
BRITTNEY N. LACY
Assistant CCRC-South