**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA,
TALLAHASSEE DIVISION**

**JAMES AREN DUCKETT**
      Plaintiff,

v.

**RICHARD COMERFORD,**
Commissioner, Florida Department of
Corrections

**RANDALL POLK**, Warden,
Florida State Prison
         Defendants.
_____/

**CASE NO. 4;26-cv-354-TKW-MJF**

<span style="color:red">**EMERGENCY INJUNCTIVE
RELIEF SOUGHT;
EXECUTIONS SCHEDULED
FOR JULY 28, 2026,
AT 12:00 P.M**</span>

## <u>RESPONSE TO DEFENDANT'S MOTION TO DISMISS</u>

.Defedant's have moved to summarily dismiss Mr. Duckett's § 1983 Claim.
That option should be denied. Mr. Duckett raised specific factual allegations
concerning his particularized medical issues that comprise at least a plausible claim
for relief under the Eighth Amendment and *Glossip v. Gross*, 576 U.S. 863 (2015).
The Court should reject Defendant's invitation to rely on non-meritorious procedural
issues that attempt to shift focus from the serious allegations raised by the complaint.

### I.    Plaintiffs Claim is Neither Untimely nor is it Barred By The Statute of Limitations.

Any attempt at framing Mr. Duckett's claim as an untimely challenge fails to
consider the evidence that, taken as true at the pleading stage, states a valid claim

1

for relief. *See, e.g,, Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (reminding that "the complaint must be construed in a light most favorable to the plaintiff and the factual allegations taken as true"); *M.T.V. v. DeKalb County Sch. Dist.*, 446 F. 3d 1153, 1156 (11th Cir. 2006) (same).

Indeed, at this stage, Mr. Duckett is only required to "disclose adequate information regarding the basis of his claim for relief as distinguished from a bare statement that he wants relief and is entitled to it." 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE, § 1202, pp. 94-95 (3d ed. 2004). In providing Plaintiffs' recent comment about how Mr. Duckett's prior medical treatments could be impacted by Florida's lethal injection methods, Mr. Duckett has sufficiently plead an as-applied challenge that was filed within the statute of limitations.

Defendants attempt to argue that Mr. Duckett's claim could have been raised earlier because he knew of the chemotherapy, but until he was notified by the unknown examiner that his prior treatments would impact his veins, he had no way of knowing the relevance of his medical history. Prior to this conversation, no prison official has informed him of the increased risk he faces due to this medical history.

Defendants challenge Mr. Duckett's medical claim on the basis that he knew he had the chemotherapy treatment in 2015, but simply knowing you had a treatment does not translate to knowing you are at heightened risk of torturous execution,

2

particularly when the very people who should know and should inform you, the Defendants, never tell you this concern. Had the Defendants notified Mr. Duckett immeidatley post-chemotherapy that he was not at a heightened risk of a torturous execution based on the method that the State of Florida was employing, he could have requested an alternative method well before his execution warrant was signed. Failure to do that and then blaming Mr. Duckett for the delay is the height of hubris. Defendants are essentially asking this Court to find that any medical claim must be raised upon diagnosis of any condition. Such an argument does not comport with either the law or medicine. Instead, as the Eleventh Circuit has noted, Mr. Duckett's claim ripened when his "Eighth Amendment rights [stood] in jeopardy," *Hamm v. Comm., Ala. Dept. of Corr.,* CA11, No. 18-10473, ECF No. 20-1 at 4 (Feb. 13, 2018).

## II.     Preclusion Law Does Not Apply Because Mr. Duckett Has a Right to Litigate His Claim in Federal Court

Defendants argue that because Mr. Duckett could have raised his Eighth Amendment challenge in the expedited death warrant, where Defendants say it would have been procedurally barred, he is precluded from raising it in federal court under § 1983 (Doc. 14, pp. 17-24). But that is incorrect for several reasons. First, and most importantly, Mr. Duckett was not aware of the claim until July 20, after the circuit court had denied his pending motions. Second, § 1983 is an appropriate vehicle to raise this claim. *See Hill v. McDonough*, 547 U.S. 573, 580 (11th Cir. 2006)

(holding that a § 1983 suit filed under death warrant by Florida prisoner in federal court was an appropriate vehicle for a challenge to Florida's lethal injection protocol); *see also Barwick v. Governor of Fla.*, 66 F.4th 896, 901 (11th Cir.) (holding that a § 1983 suit filed under death warrant by a Florida prisoner in federal court was a proper vehicle for a challenge to Florida's clemency process).

For good reason, federal courts generally "must 'remain circumspect' about 'giv[ing] state officials expansive leeway to override a plaintiff's choice of whether to litigate in a federal or state forum.'" *Tokyo Gwinnett, LLC v. Gwinnett Cty.*, 940 F.3d 1254, 1270 (11th Cir. 2019) (citing *For Your Eyes Alone, Inc. v. City of Columbus,* 281 F.3d 1209, 1219 (11th Cir. 2002)). Defendants' preclusion argument essentially asks this Court to refuse to exercise its rightful jurisdiction over this case under Article III, dismiss Mr. Duckett's suit, and deny him the choice of forum he is entitled to as a plaintiff because he did not litigate his claim in state court. Because federal courts must "fulfill their duty to adjudicate federal questions properly brought before them," like Mr. Duckett's lethal injection challenge, this Court should deny Defendant's motion to dismiss on these grounds alone. *Tokyo Gwinnett, LLC*, 940 F.3d at 1267 (citing *Haw. Hous. Auth. v. Midkiff*, 467 U.S. 229, 238 (1984)).

Defendants' cited cases are completely inapposite. Defendants rely on Florida decisions where the state court found lethal injection claims untimely and procedurally barred, and on federal cases where a federal court enforced a state court

4

judgment dismissing a lethal injection claim under *res judicata*. But these cases are readily distinguishable for three reasons.

First, Mr. Duckett's claim regarding the application of Florida's lethal injection protocol to him is timely, as described above. Mr. Duckett filed within the statute of limitations for this lethal injection challenge because the factual basis for it was not known to him until four days ago. Thus, even if Mr. Duckett could have filed this challenge in a Florida state court, which he could not because he did not learn of it until after the state court proceedings were concluded, it would not have been procedurally barred. As such, any preclusion arguments are irrelevant.

Second, the cases that Defendants rely on involve prisoners who challenged lethal injection protocols in federal court after already raising that challenge in state court. *See, e.g., Long v. Sec'y, Dep't of Corr*., 924 F.3d 1171, 1178-80 (11th Cir. 2019) (finding prisoner's lethal injection challenge barred under res judicata because it was first raised and denied in state court). That is not the case here; no such state court judgment exists that this Court could give effect to under res judicata, even if that would be appropriate.

Mr. Duckett is "entitled an opportunity to prove" in federal court that Defendants' Lethal Injection Protocl, as applied to his specific medical issue, violates his constitutional rights. *See Lee v. Comm'r, Ala. Dep't of Corr.,* 731 F. App'x 885, 889 (11th Cir. 2018) (holding that a death-sentenced prisoner is "entitled

5

to an opportunity to prove—as he alleged in his complaint… that the use of midazolam will result in a [substantial] risk of serious harm, and that pentobarbital is available to Alabama, *regardless of the factual findings and legal conclusions reached by other courts in separate cases*") (emphasis added). Mr. Duckett's claim is not barred by preclusion law.

**III.   Mr. Duckett Is Not Barred By His Failure to Exhaust Because He Had Insufficient Time to Do So and Because No Such Remedies Were Actually Available**

Defendants assert that Mr. Duckett failed to comply with the PLRA's administrative-remedy exhaustion requirement thus the suit must be dismissed (Doc. 14, pp. 24-27). However, no meaningful administrative remedies were available for Mr. Duckett to exhaust before filing this suit, and an inmate need exhaust only such administrative remedies as are actually "'available,'" a requirement in the plain language of the PLRA. *Ross v. Blake*, 578 U.S. 632, 648 (2016) (citing 42 U.S.C. § 1997e(a)). For an administrative remedy to be available, the "remedy must be 'capable of use for the accomplishment of [its] purpose.'" *Turner v. Burnside*, 541 F.3d 1077, 1084 (11th Cir. 2008). No such remedies were available in Mr. Duckett's case because any inmate grievance filed with DOC regarding the Lethal Injection Procedure and the impact it would have on his compromised veins would be futile.

While the DOC may have "apparent authority" to grant administrative relief, that fact does not change the reality that DOC "decline[s to] ever exercise" this

authority. *See Ross*, 578 U.S. at 643. Per Fla. Admin. Code Ann. R. 33-103.001, this issue is beyond the control of the Department so it is likely non-grievable and Florida history supports that reading. *See also* Fla. Admin Code Ann. R. 33-103.014 (1)(n) (a grievance will be returned without a response on the merits if it is beyond the control of the Department). The DOC has never granted relief on any Florida inmate's grievance regarding the Lethal Injection Protocol or as it is applied to any individual.

Plus, considering the State's position that Mr. Duckett's challenge to the Protocol is meritless, (Doc. 14, p. 30), the State's argument that Mr. Duckett's inmate grievance would not have been futile is disingenuous at best. The "facts on the ground" show that the DOC has not and does not intend to consider a prisoner's administrative grievance challenging any aspect of the Lethal Injection Protocol, so the grievance process is not "'capable of use' for its pertinent purpose." *See Ross*, 578 U.S. at 642-43 (quoting *Booth*, 532 U.S. at 736).

"[A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end–with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Ross*, 578 U.S. at 643. That is precisely the issue in Mr. Duckett's case. DOC officials are consistently unwilling to provide any relief regarding the Lethal Injection Protocol through their administrative grievance system. *See* Order, *Brant v. Allen, et al.*, No.

3:13-cv-412-MMH-SJH, ECF No. 189 at 40-41 (M.D. Fla. 2025) (noting that FDOC "decline[s] to ever exercise" it's authority to rectify prisoners' administrative grievances regarding Florida's lethal injection protocol) (citing *Ross*, 578 U.S. at 643). At most, Defendants can establish a factual dispute that the DOC's administrative grievance process is not a dead end, which does not meet their burden on a motion to dismiss. In light of DOC's practices described above, no such remedies were available.

In any event, Mr. Duckett attempted to comply with the P.L.R.A. requirements by immediately filing a grievance as soon as he learned of the risk he faced. Other federal district courts, in similar exigent circumstances where there was an active death warrant, have pretermitted the exhaustion analysis altogether, focusing on the merits of the underlying claim. *See* Order, *Long v. Inch*, 8:19-cv-1193, ECF No. 21 at 15 n.5 (M.D. Fla. May 19, 2019) (noting that Defendants raised exhaustion issue in response to inmate's PLRA suit, but foregoing exhaustion analysis and deciding motion for stay on the merits); *Chavez v. Palmer*, 3:14-cv-110, 2014 WL 521067 at (M.D. Fla. Feb. 10, 2014) (same); *Muhammad v. Crews*, No. 3:13-cv-1587, 2013 WL 6844489 *6 n.9 (M.D. Fla. Dec. 27, 2013) (same). This Court should do the same. Requiring Mr. Duckett to exhaust through the PLRA, when the process is futile based on lack of time and lack of possible remedy, does not serve the ends of justice nor is it a faithful application of the PLRA and Supreme Court precedent

interpreting the Act. Mr. Duckett's suit is not procedurally barred on administrative exhaustion grounds.

### IV.    Mr. Duckett has Pled a Valid Claim for Relief Under *Glossip*

To establish that Defendants' elected method of execution is unconstitutional as applied to him, Mr. Duckett must show that the Lethal Injection is "sure or very likely to cause serious illness and needless suffering" and "give rise to sufficiently imminent dangers." *Glossip v. Gross*, 576 U.S. 863, 877 (2015) (quoting *Baze v. Rees*, 553 U.S. 35, 50 (2008)). He has met that burden.

Specifically, Mr. Duckett has demonstrated that the method of execution poses a "'substantial risk of serious harm,' an 'objectively intolerable risk of harm' that prevents prison officials from pleading that they were 'subjectively blameless for purposes of the Eighth Amendment.'" *Price v. Commissioner*, 920 F.3d 1317, 1326 (11th Cir. 2019) (quoting Glossip, 576 U.S. at 877).

Mr. Duckett has also shown that the risk of harm is "substantial when compared to the known and available alternatives." *Gloss*ip, 576 U.S. at 878. This inquiry is comparative. In *Bucklew v. Precythe*, the Court advised that "[t]he Eighth Amendment does not come into play unless the risk of pain associated with the State's method is 'substantial when compared to a known and available alternative'" 587 U.S. 119, 134 (2019) (quoting *Glossip*, 576 U.S. at 878, and *Baze*, 553 U.S. at

61). The pain caused by this procedure as applied to Mr. Duckett is "gratuitous" when compared to other methods.

The fact that FSC has fully litigated the effectiveness of the method is irrelevant to this instant case (*see* Doc. 14, pp. 33-34). Prior facial challenges in state court are completely inapposite to the success of his as-applied claim. *Grayson v. Warden, Comm'r, Ala DOC, 869 F. 3d 1204,* 1223-24 (11th Cir. 2017)(finding district court erroneously imported factual findings from an unrelated lethal injection case). The important question is whether the unique factors in Mr. Duckett's case will result in an unnecessarily torturous death. When combined with the haphazard manner with which the State of Florida has sought death warrants, particularly by placing Mr. Duckett's execution on the same day as Mr. Occhicone's, the risk is increased. Defendants' prioritization of speed and volume of executions over compliance with their own rules makes the already heightened risk of a disastrous execution even more likely for a medically vulnerable person like Mr. Duckett.

Mr. Duckett has pled sufficient claims which, if accepted as true and construed in the light most favorable to him, prohibit summary dismissal. Further factual development in this Court would provide additional support for the conclusion that the Lethal Injection Protocol, when administered to a medically vulnerable prisoner like Mr. Duckett, will culminate in a torturous death. The risk of Mr. Duckett suffering such a death is constitutionally impermissible. There are feasible and easily

10

implemented alternative execution methods that would entail a significantly less severe risk of pain to Mr. Duckett.

**V.    This Court Should Stay Mr. Duckett's Execution To Allow Proper Consideration of His Claims.**

Due to the time limitations, Mr. Duckett relies upon his previously filed Motion for Stay of Execution in response to the arguments in Defendant motion (Doc. 15).

For the reasons stated, this Court should grant the relief requested in Mr. Duckett's complaint.

This the 24th day of July 2026.

Respectfully submitted,

/s/ Mary E. Wells
MARY E. WELLS
Fla. Bar. No. 0866067
Law Office of M.E. Wells LLC
623 Grant Street SE
Atlanta, GA 30312
*mewells27@comcast.net*
Tel. (404) 408-2180

/s/ Brittney N. Lacy
BRITTNEY N. LACY
Assistant CCRC-South
Fla. Bar. No. 116001
*lacyb@ccsr.state.fl.us*

/s/ Courtney M. Hammer
COURTNEY M. HAMMER
Assistant CCRC-South
Fla. Bar. No. 1011328

11

*hammerc@ccsr.state.fl.us*
*ccrcpleadings@ccsr.state.fl.us*

Capital Collateral Regional
Counsel - South
110 SE 6th Street, Suite 701
Fort Lauderdale, Florida 33301
Tel. (954) 713-1284

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by electronic service using ECF to Jason Rodriguez, Assistant Attorney General this 24th day of July, 2026.

/s/ Brittney N. Lacy
BRITTNEY N. LACY
Assistant CCRC-South


**Courtney Hammer**
Staff Attorney
Capital Collateral Regional Counsel – South
110 SE 6th Street, Suite 701
Ft. Lauderdale, FL 33301
954-713-1284

13